UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Jeannette Elaine Curran, | ) Case No. 18-60303-can7 |
|    Debtor. | ) |
| | ) |

### ORDER DENYING DEBTOR'S MOTION TO RECONSIDER ORDER EXTENDING INSTALLMENT PAYMENTS

The Debtor Jeannette Elaine Curran moves the court for an order "reconsidering" the court's order of June 22, 2018. The court's June 22 order vacated the court's earlier order to Ms. Curran to show cause why her case should not be dismissed for her failure to pay the third installment of the court filing fee. The order also extended the time for paying the remaining installments pending further court order. The chapter 7 Trustee Fred Moon objects to Ms. Curran's motion. For the reasons stated below, the motion is denied.

*Procedural Background*

Ms. Curran filed a pro se chapter 7 petition on March 19, 2018. Fred Moon was duly appointed as chapter 7 Trustee. With her petition Ms. Curran filed an application to waive the $335 chapter 7 filing fee. The court denied the application, finding that Ms. Curran was not eligible for a waiver based on her cash flow and assets. *See* 28 U.S.C. § 1930(f)(1). The court ordered Ms. Curran to pay the filing fee in quarterly installments over 120 days. *See* Fed. R. Bankr. P. 1006(b)(2). Ms. Curran paid the first two installments but did not pay the third installment, prompting the court to issue its order to show cause.

1

In the meantime, however, the Trustee discovered Ms. Curran had failed to disclose certain assets and prepetition transfers, including transfers shortly before filing to the father of her child, Mr. Jeffrey Donohue. The Trustee filed an adversary complaint against Mr. Donohue and objected to Ms. Curran's claim of certain exemptions.

While the adversary complaint and objection to exemptions were pending, Ms. Curran filed a motion to voluntarily dismiss her bankruptcy case. She asserted that she was unable to find an attorney and that her case had become too complex to handle without one. She alleged that Mr. Donohue likewise could not afford an attorney and had limited education so was unable to properly defend himself in the adversary proceeding. Ms. Curran also alleged she could no longer afford to pay the filing fee installments but stated she did not want to seek another waiver. She stated that her creditors would not be harmed because they would be able to sue her and put a lien on her assets if the case were dismissed.

The Trustee objected to Ms. Curran's motion to dismiss. The Trustee pointed out that he had discovered potentially valuable assets and had filed an adversary complaint against Mr. Donohue to avoid the prepetition transfers. In addition, the Trustee noted that he had pending objections to Ms. Curran's claim of exemptions. He argued that the creditors and the estate would be prejudiced if the case were dismissed since Ms. Curran had already transferred substantially all of her assets.

Finding that Ms. Curran's motion to dismiss failed to state any legal basis in support of voluntary dismissal and that the creditors and the estate would be harmed,

the court entered an order denying the motion to dismiss. The court relied on governing authority stating that a chapter 7 debtor has no absolute right to dismiss her case, particularly over the objection of the Trustee and while Trustee liquidation efforts were ongoing. *In re Turpen*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000). The court entered the order in lieu of holding a hearing based on Ms. Curran's representation to the clerk's office that she could not afford to travel to the courthouse for a hearing. 11 U.S.C. § 707(a) (court may dismiss a case "after notice and a hearing"); § 102(1) (defining "after notice and a hearing"; hearing not required); Fed. R. Bankr. Proc. 9014(a) (when hearing required on contested matters).

After the court's order denying the motion to dismiss, Ms. Curran filed a "response" to the Trustee's objection to her motion to dismiss. The court construed the "response" as a timely motion to reconsider, but denied the motion on the grounds it raised no new arguments and that it any event all Ms. Curran's arguments lacked merit or were irrelevant. Ms. Curran did not appeal that order. The court also subsequently held an evidentiary hearing on the Trustee's objection to Ms. Curran's exemption and request for sanctions, and entered an order sustaining the objection and sanctioning Ms. Curran $450. Ms. Curran did not appeal from those orders.

The court thereafter issued its order to show cause for Ms. Curran's failure to pay the third installment of the filing fee by the due date of June 5, 2018. Ms. Curran did not respond to the court's order to show cause. The Trustee responded, however, again reciting the history of the undisclosed assets and transfers. The Trustee argued that Ms. Curran was trying to accomplish indirectly what she was not able to do

3

directly, which was to have the case dismissed so she could avoid the consequences of the court's orders denying exemptions and imposing sanctions, and to help Mr. Donohue avoid having to defend the adversary. The Trustee requested that the court use its equitable powers to prevent dismissal of the case, which would harm the creditors and the estate. The Trustee stated that if he were successful in collecting assets, the balance of the filing fee would be paid out of the estate. He requested the court therefore extend the time for the estate to pay the filing fee if he were successful in liquidating assets, or in the alternative waive the balance of the fee if unsuccessful.

The court adopted the Trustee's reasonable and practical suggestion and entered an order on June 22 vacating its order to show cause and extending the time for the third and fourth installments to be paid pending the Trustee's filing of either a final report of assets or a "no-asset" report.[1] Ms. Curran filed her "motion to reconsider" from the court's June 22 order on July 12, 2018.

### *Discussion*

Ms. Curran argues that the court has no authority to extend the time to pay the filing fees past the 180-day period provided for in Rule 1006(b)(1), also pointing to Rule 9006(b)(3) governing when enlargements of time under the rules are permitted. The Trustee responds that (1) Ms. Curran's motion is untimely; and (2) that the court in the alternative has ample equitable authority under 11 U.S.C. § 105(a) to extend the time to prevent abuse of the bankruptcy system. The court agrees with the Trustee.

---

[1] The court notes that in the meantime, the Trustee advanced the balance of the filing fees in the amount of $167.50 as an administrative expense of the estate.

4

The Trustee is correct that there is no such motion as a "motion to reconsider" under the Federal Rules of Bankruptcy Procedure. Rather, the rules authorize the court to consider certain post-ruling motions to alter or amend a ruling or for a new trial if such motions are filed within 14 days. *See* Fed. R. Civ. Proc. 52 (as incorporated by Rule 7052); Fed. R. Civ. Proc. 59 (as incorporated by Rule 9023). Ms. Curran's "motion to reconsider" is untimely under both of those rules.

Nonetheless, the court may consider a "motion to reconsider" as a motion for equitable relief under Fed. R. Civ. Proc. 60 (as incorporated by Rule 9024). Rule 60(b) authorizes the court, on motion and "just terms," to relieve a party from a final order for the enumerated grounds, including in relevant part (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; and other reason justifying relief (Rule 60(b)(6)). A motion under Rule 60(b) must be made within a reasonable time, and motions made for the reasons (1), (2), and (3) no more than a year after the entry of the order.

The court construes Ms. Curran's "motion to reconsider" as a timely-filed Rule 60(b) motion for equitable relief. Ms. Curran is not, however, entitled to equitable relief of the order, for several reasons.

First, Ms. Curran misconstrues Rules 1006(b)(2) and 9006(b)(3). Rule 1006(b)(2) states that the court may grant leave to pay the filing fee in not more than four installments with the final installment payable no later than 120 after the filing of the petition. But this time may be extended: "For cause shown, the court may

5

extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition." Rule 9006(b)(3) provides that the court may enlarge the time under Rule 1006(b)(2) "only to the extent and under the conditions stated in [Rule 1006(b)(2)]." The court is thus not authorized to extend the time to pay the filing fee past 180 days when the debtor is seeking an extension. But these rules say nothing to prevent the court from extending the time or deferring payment of the filing fee on another party's request, such as what happened here. The case Ms. Curran relies on, *In re Hicks*, 570 B.R. 291 (Bankr. N.D. Ohio 2017), in fact involved a debtor's untimely request under Rule 60(b) to obtain a discharge after her case had been dismissed some eleven months earlier for the failure to pay the fee. The *Hicks* court noted that the debtor – like Ms. Curran here – had failed to show grounds for equitable relief, in addition to overlooking Rule 1006(b)(2). The *Hicks* case does not apply to the facts of this case.

Second, as at least one court has pointed out, Rule 1006(b)(2) does not call for dismissal of a case on account of late installments and does not forbid the payment of late installments even after 180 days. *In re Gjerde,* 535 B.R. 329, 334 (Bankr. E.D. Cal. 2015). *Compare* 11 U.S.C. § 521(i)(1) (case "automatically dismissed" for failure to file certain information). *Gjerde's* interpretation of Rule 1006(b)(2) is consistent with the statute governing dismissals of chapter 7 cases: § 707(a)(2) grants the court broad discretion to determine whether or not to dismiss a case for the nonpayment of fees: "The court *may* dismiss a case under this chapter . . . " (emphasis added). *See also In re Turpen,* 244 B.R. 431, 433 (B.A.P. 8th Cir. 2000) (court has discretion;

6

discussing factors for when a debtor should be allowed to dismiss a chapter 7 case[2]). And, the rules also impose a penalty on the debtor for not paying fees: Rule 4004(c)(1)(G) provides that when a debtor fails to pay required fees, the case will be closed without a discharge.

Finally, and most importantly, the court has statutory and equitable powers to prevent abuse of the bankruptcy process, consistent with the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title . . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.") Here, Ms. Curran is seeking to accomplish indirectly what she cannot do directly – to thwart the efforts of the Trustee who is statutorily empowered with a duty to liquidate her assets. 11 U.S.C. § 704. This the court cannot condone.

The "motion to reconsider" is denied.

IT IS SO ORDERED.

Dated: July 30, 2018                                    /s/ Cynthia A. Norton
                                                        Chief Judge Cynthia A. Norton

---

[2] The U.S. Trustee and the Trustee have also filed motions to extend the time to file complaints objecting to discharge, another of the considerations that *Turpen* mentions.